# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**BARRY WAYNE RAYNER**                                                                 **PETITIONER**

**v.**                                                            **CIVIL ACTION NO. 3:07-CV-P316-M**

**TOM DAILEY, WARDEN**                                                                 **RESPONDENT**

## MEMORANDUM OPINION

Petitioner Barry Wayne Rayner, "on his own and through his mother," Petitioner Pamela D. Echsner, as next friend, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (DN 1).[1]

## STATEMENT OF FACTS

The petition states that on June 12, 2007, Rayner was transferred to the Kentucky Correctional Psychiatric Center (KCPC) at the Luther Luckett Correctional Complex after being removed from the Louisville Metro Department of Corrections in an effort to keep Rayner from having access to the courts, frustrate his right to habeas corpus, and otherwise subject him to cruel and unusual punishment. The petition states that while at KCPC he was separated from his legal material; only allowed 45 minutes in the law library in nine days; and missed pending court hearings. The petition also states that KCPC officials informed Echsner that they know nothing is wrong with her son; that Rayner appears fully competent; that they are aware of the dreadful conditions at Louisville Metro; and that Louisville Metro routinely transfers prisoners without their legal papers or commissary money. The petition asserts that Rayner is entitled to habeas,

---

[1] The Court notes that although Echsner appears on the pleadings as "next friend," she has not established the propriety of "next friend" status. "Next friend" standing is not automatic, and the "burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990).

declaratory, and injunctive relief, including but not limited to "an opportunity to meet with counsel (access to legal research material)" and have confidential and unrestricted communication with his counselors and mother.

## ANALYSIS

The Court is aware from pleadings submitted by Rayner in another pending action that he is no longer housed at KCPC. *See* Amended Complaint (DN 19) in *Rayner v. Rees*, No. 3:07-CV-124-S, stating that Rayner was returned to Louisville Metro from KCPC on June 25, 2007. Therefore, this habeas action is moot, and dismissal is appropriate. *Thompson v. Smith*, 719 F.2d 938, 940-41 (8th Cir. 1983) (dismissing as moot habeas petition alleging harassment because petitioner was transferred to another prison).

## CERTIFICATE OF APPEALABILITY

Before this Court's decision may be appealed, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and the Court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the Court erred in dismissing the

petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

For the reasons set forth above, the Court will deny the petition and dismiss this action. The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Petitioner, Barry Wayne Rayner, *pro se*
 Respondent
 Jefferson County Attorney
4414.009